UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADEWALE EBENEZER JONES,

    Plaintiff,

v.                                              Case No. 8:25-cv-121-TPB-AAS

NOVA SOUTHEASTERN
UNIVERSITY, INC.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant, Nova Southeastern University, Inc.'s, Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law," filed by counsel on April 28, 2025. (Doc. 21). Plaintiff Adewale Ebenezer Jones, who is proceeding *pro se*, filed a response in opposition on May 21, 2025. (Doc. 31). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

This case arises from Plaintiff Adewale Ebenezer Jones' time at Nova Southeastern University Kiran C. Patel College of Osteopathic Medicine. The factual background set out in Plaintiff's complaint is rambling and at times

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

confusing. It appears that in June or July of 2022, he was admitted to the medical school. After beginning, he claims that he was "falsely and wrongly accused of fraternizing with a student" and "was forced to take a Title IX against [his] will." Plaintiff describes numerous issues with Dr. Shane Lam, alleging that Dr. Lam told Plaintiff that he smelled bad, accused Plaintiff of not coming to work, and then accused Plaintiff of threatening someone with a gun. Plaintiff alleges that at the same time, he was "subjected to [a] series of verbal, emotional and psychological abuse by [his] co-workers" and, as a result, he was investigated by the FBI and Clearwater Police.

Plaintiff then asserts that he was not given a fair hearing, although he fails to explain what the hearing was about or who conducted the hearing. He claims that he decided to appeal the decision, but the dean of student affairs suggested he "take the deal and move on with [his] life." Plaintiff says that as part of the deal, he was "not found guilty of any of the spurious allegations leveled against [him]. . . [but] was found guilty of disturbing the peace of the university, which was false." He says that he accepted the verdict and was immediately subjected to psychiatric evaluations. It appears that Plaintiff was banned from campus for 2-3 weeks, although it is not clear if the ban was in relation to this trial or something else.

Plaintiff discusses some incidents with the police, security guards, and FBI investigations. He complains about a "clandestine plot" against him and mistreatment by others from the Nova community. Plaintiff states that despite all of this, he was doing well academically but was still mandated to see a psychologist.

He then complains about his interactions with the psychologists and their treatment of him. Plaintiff complains about how hard it was to make friends and start a relationship at medical school with everything going on. He describes some interactions with women, including professors. He claims that during his seventeen months in medical school, he was bullied and mocked by his classmates.

According to Plaintiff, he was ultimately dismissed from medical school "on false grounds of academic dismissal when [he] did not fail out of school and despite making [him] [ ] face dismissal trials on false ground of/for nonacademic dismissal which indicates the lack of coherence and the arbitrariness of the university . . . ." He claims that the university did not follow due process for the dismissal in violation of the United States Constitution and the university student booklet. Plaintiff claims that "both the Student Progress Committee (SPC) trial and the appeal process was manipulated to deprive[] [him] of [his] 5th Amendment rights collectively and by prominent individuals with the purpose of self-incrimination[ ]" and that there were "individuals who should have recused themselves from the trials." He also claims that although he reported harassment and discrimination, the university did nothing to ensure his safety and protection and instead aided and abetted the accused persons.

Plaintiff seeks (1) a declaration that his suspension and dismissal on December 15, 2023, was wrongful, unjustifiable, unfair and arbitrary; (2) a declaration that his dismissal and Defendant's conduct were "fraught with discrimination, lack of fair hearing, malice and arbitrariness[;]" (3) a declaration

that the psychological and/or psychiatric evaluations were without basis or justification; (4) a declaration that the university's action of subjecting Plaintiff to unnecessary psychological and/or psychiatric sessions or evaluations was harmful, wrongful or unlawful; (5) an order setting aside his suspension and dismissal; (6) a permanent injunction restraining Defendant from dismissing Plaintiff from its medical school without justification and a fair hearing upon his reinstatement; (7) a permanent injunction restraining Defendant and its employees/agents from "meting out any unfair, oppressive and vindictive treatment. . . upon his reinstatement[;]" (8) damages in the amount of $100 million dollars for psychological and emotional trauma; (9) an order restraining the federal government from requiring the repayment of his student loans until full determination of this lawsuit; and (10) an order restraining Defendant from sending out transcripts while this case is pending.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *General Pleading Defects*

The complaint simply does not constitute a short and plain statement of the facts – it is rambling and confusing. Each sentence or statement in the complaint needs to be asserted in a separately numbered paragraph. *See* Fed. R. Civ. P. 10(b). That way, Defendant is able to respond to each individual statement by either admitting, denying, or stating that it is without knowledge as to that allegation.

Including too many factual allegations in each paragraph makes it difficult for Defendant to respond by admitting or denying each paragraph. To avoid future confusion – each sentence should be a separately numbered paragraph.

Plaintiff needs to set forth separate claims for relief or causes of action in his complaint by asserting counts. Each count should be set out in a different section, including a heading with the title of the claim (for instance, "Count 1 – Fourteenth Amendment Violation"). This is particularly important since Plaintiff refers to constitutional violations (including the Fifth and Fourteenth Amendments) and contractual violations, which are all different claims for relief with different elements. His first claim should be labeled "Count 1," his second claim labeled "Count 2," his third claim labeled "Count 3," and so on. Each separate count must set forth the elements of that particular claim (in separately numbered, sequential paragraphs), along with sufficient facts that would establish each element of the cause of action. The facts necessary to each count must either be stated in full within the count or incorporated by reference to prior numbered paragraphs that state the facts.

*Fourteenth Amendment Claim*

Defendant argues that Plaintiff's Fourteenth Amendment claim should be dismissed for failure to state a claim. The Fourteenth Amendment provides, among other things, that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Fourteenth Amendment therefore requires state action

to support a claim for relief, and it does not apply to private entities like private universities. *See Andela v. Univ. of Miami*, 461 F. App'x 832, 836-37 (11th Cir. 2012) (explaining that a private university is generally not a state actor); *Mazile v. Larkin University Corp.*, No. 1:23-cv-23306-LEIBOWITZ, 2024 WL 3495320, at *6 (S.D. Fla. July 22, 2024) ("Courts have consistently held that private universities are not state actors. . . ."). In this case, Plaintiff does not allege that Defendant is a state actor or any facts that would demonstrate that its conduct could constitute state action.

Consequently, the motion to dismiss is granted as to this ground. In an abundance of caution, the Court will grant leave to amend to the extent that Plaintiff may assert facts demonstrating state action or an alternate theory of liability based on these facts, if he may do so in good faith. But he will not otherwise be able to pursue a Fourteenth Amendment claim against Defendant, which is a private entity.

### *Fifth Amendment Claim*

Plaintiff appears to assert that Defendant violated his Fifth Amendment rights by manipulating "both the Student Progress Committee (SPC) trial and the appeal process." Plaintiff does not factually explain how the trial and appeal were manipulated, nor how the alleged manipulation resulted in a due process violation.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." Significantly, the Fifth Amendment

applies to federal actors, and it does not apply to private actors or state actors. *See Pittman v. State Farm Fire & Casualty Comp.*, 662 F. App'x 873, 882 (11th Cir. 2016); *Buston v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989). Because Defendant is a private university and is not a federal actor, Plaintiff cannot state a Fifth Amendment claim against it unless Defendant is engaged in activity deemed to be federal action. *See National Broadcasting Co. v. Communications Workers of America, AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) (explaining that Fourteenth Amendment and, through it, the Fifth Amendment, does not apply to a private entity unless that entity is engaged in state action).

Consequently, the motion to dismiss is granted as to this ground, and the Fifth Amendment claim is dismissed. In an abundance of caution, the Court will grant leave to amend to the extent that Plaintiff may assert facts demonstrating federal action, if he may do so in good faith, or an alternative theory of liability based on these facts. But he will not otherwise be able to pursue a Fifth Amendment claim against Defendant, which is a private entity.

### *Breach of Contract*

Defendant argues that Plaintiff fails to plead sufficient facts to state a breach of contract claim. Under Florida law, to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008)).

Plaintiff does not allege the existence of any contract or any specific provisions of a contract that were allegedly breached by Defendant. In fact, Plaintiff's only specific statement related to a contract is in paragraph 20 of his amended complaint, where he states that the "action and inactions constitute a breach of contract by the University against me both as a student and a worker of the university." Consequently, the motion is granted as to this ground to the extent that the breach of contract claim is dismissed. The Court will permit Plaintiff to amend, if he may do so in good faith.

*Pro Se Status*

Plaintiff has attempted to bring constitutional claims against Defendant, which is a private entity. No matter how discriminatory or wrongful he may believe Defendant's conduct to be, he cannot state claims under the Fifth or Fourteenth Amendments, which restrain *governmental* action and not *private* action.

**The Court notes that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding**

in federal court, which is located on the Court's website. The Court is unlikely to grant another opportunity to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Nova Southeastern University, Inc.'s, Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law" (Doc. 21) is **GRANTED**.

2. The amended complaint (Doc. 20) is **DISMISSED,** as set forth herein.

3. Plaintiff is directed to file a second amended complaint to correct the defects identified in this Order on or before August 26, 2025. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE