**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADEWALE EBENEZER JONES,

     Plaintiff,

v.                                                                    Case No. 8:25-cv-121-TPB-AAS

NOVA SOUTHEASTERN
UNIVERSITY, INC.,

     Defendant.

_____/

**ORDER DENYING PLAINTIFF'S COMBINED MOTION FOR RELIEF FROM**
**JUDGMENT UNDER FRCP 60(B)(3) AND 60(B)(6) AND FOR RECUSAL OF**
**JUDGE THOMAS P. BARBER PURSUANT TO 28 U.S.C. §§ 144 AND 455**

This matter is before the Court on "Plaintiff's Combined Motion for Relief from Judgment Under FRCP 60(b)(3) and 60(b)(6) and for Recusal of Judge Thomas P. Barber Pursuant to 28 U.S.C. §§ 144 and 455," filed *pro se* on April 20, 2026.[1]  (Doc. 65).  No response is required.  After reviewing the motion, court file, and the record, the Court finds as follows:

To the extent that Plaintiff seeks recusal under § 144, the motion is both untimely and insufficient.  To the extent he seeks recusal under § 455, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  *See United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)).  Plaintiff does not provide any evidence besides his bare and conclusory allegation that Defendant committed fraud upon the Court by withholding critical evidence, along with complaints about adverse rulings, to

---

[1] Plaintiff has filed an identical motion in a related case, 8:25-cv-121-TPB-AAS.  The Court is contemporaneously entering an identical order in the related case.

show that the undersigned has any personal bias against him.  Nor has he shown how any alleged personal bias has impacted any rulings.    No reasonable person would question my impartiality in these circumstances.

To the extent that Plaintiff seeks to vacate the Court's dismissal of his case (or cases), he provides no legitimate basis under Rule 60 for doing so.  Case 8:25-cv-121 was initially dismissed without prejudice and with leave to amend due to glaring pleading defects, and that dismissal order became a final judgment under binding Eleventh Circuit precedent when Plaintiff failed to file a timely amended complaint.  Case 8:25-cv-2595 was dismissed based on Plaintiff's attempt to circumvent the prior dismissal by filing a new case, and because he cannot maintain a private cause of action for FERPA violations.  The Court specifically notes that although Plaintiff now alleges that Defendant deliberately concealed evidence related to FERPA and Title IX records, such argument has no bearing on the Court's dismissal of his cases.  This case remains closed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Combined Motion for Relief from Judgment Under FRCP 60(b)(3) and 60(b)(6) and for Recusal of Judge Thomas P. Barber Pursuant to 28 U.S.C. §§ 144 and 455" (Doc. 65) is **DENIED**.  This case remains **CLOSED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of April, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

Page 2 of 2